## WILLARD MILLEN v. GREAT NORTHERN RAILWAY COMPANY.[1]

May 26, 1922.

No. 22,803.

**Flooding land.**

Wilful flooding of wild hay land—Prices in 1920 not a gauge of rental value in preceding six years—Testimony of threats to discharge plaintiff improper—Verdict for $1,250 set aside. [Reporter.]

Action in the district court for Itasca county to recover $5,000 damages caused by flooding plaintiff's land. The answer alleged that the persons

[1]Reported in 188 N. W. 257.

or corporations causing the diversion of surface water had by long usage acquired a prescriptive right to the same. The case was tried before Stanton, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,250. From an order denying its motion for a new trial, defendant appealed. Reversed.

*M. L. Countryman* and *Baldwin, Baldwin, Holmes & Mayall*, for appellant.

*Alfred L. Thwing*, for respondent.

PER CURIAM.

Action to recover for the alleged wanton and wilful flooding of a portion of a 40-acre tract of land owned by the plaintiff, for the period of 6 years beginning November 30, 1914. Plaintiff recovered a verdict for $1,250. From an order denying his motion for a new trial defendant appeals. No question is raised as to defendant's liability for compensatory damages. The assignments of error go to the rulings upon the admissibility of evidence, which it is claimed resulted in an excessive verdict rendered under the influence of passion and prejudice.

The forty is located less than a half mile east of Swan River station, on the Duluth & Crookston branch of the defendant's lines, in Itasca county. Less than ten acres of the forty is upland; the balance similar to a tamarack swamp where wild slough grass grows. To the northwest of the station is a large area of wet, swampy land traversed by what is known as Hawkins Creek. In 1912 defendant deepened an old ditch and tapped that creek for the purpose of conveying water therefrom along its right of way to the station and into a reservoir which it maintained in its railway business. The ditch and reservoir did not take care of the water and it flowed onto the land in question. Plaintiff went into possession of the forty in the fall of 1914 and thereafter procured title thereto. About the same time a large public ditch was constructed, which drained the creek and cut off defendant's water supply. The defendant, to overcome this condition, extended its ditch and tapped the public ditch, placing a gate at the intake for the purpose of gauging the water supply flowing to its reservoir. Through improper management of the gate the ditch continued to overflow the reservoir, which resulted in flooding plaintiff's land so as to prevent his cutting hay thereon. The plaintiff was in the employ of the defendant on the coal chute at the station for a number of years. He made repeated complaints to the defendant of the condition, but received little or no attention. He then placed the matter in the hands of a lawyer and shortly thereafter was visited by defendant's officials and representatives. The questions for the jury to determine were the difference between the rental value of the land with this water upon it and what it would have

been had the defendant not maintained its ditch so as to cast water upon the land, and whether the flooding was wanton and, if so, the amount of exemplary damages which defendant should pay in addition to damages covering the actual loss, as punishment or smart money, on account of its wanton conduct in permitting the water from its reservoir to flood plaintiff's premises, notwithstanding the repeated notices.

Testimony was received under objection, as to what was said by different employes of the defendant to plaintiff, subsequent to the time when plaintiff placed the matter with his attorney, with regard to his losing his job and being discharged. Such testimony could have no place in the trial, except to prejudice the minds of the jurors, and should not have been received. The proofs in the case stood undisputed that, after repeated notices of the flooding of plaintiff's premises, the defendant, in a heedless manner, disregarded the rights of plaintiff. There was no necessity for the objectional testimony.

The action was to recover damages for each of the 6 years specified. Plaintiff offered proof which was received under objection, as to what he paid for 15 acres adjoining the tract in question, in 1920 after the commencement of this action, as bearing upon the rental value of the premises during the period of 6 years. Having in mind the fluctuating real estate market that existed during the time in question, we are unable to see how the fact that he paid $800 for that 15 acres in 1920 could give any idea of the rental value of 30 acres of wild hay land 6 years before.

Reversed.